The International & Great Northern Railway Company
v. Charles Wolf.

No. 156.

**Limited Liability of Railway Company—Absence of Statement of Facts.**—A freight contract declared on for nondelivery in effect stated that the carrier would not be liable for damages occurring on connecting lines of road. Judgment for damages against defendant. On error, there being no statement of facts in the record, *held*, this court will presume that every fact necessary to support the judgment was proven on the trial in the court below. Nor will a charge be considered ground for reversal, in absence of such statement of facts, where facts might exist fixing liability.

Error from Travis. Tried below before Hon. W. M. Key.

*Fisher & Townes,* for plaintiff in error.— 1. The court erred in its charge to the jury, in instructing them that the contract sued on was a through contract, making defendant liable for damage occurring anywhere on the route of shipment. Railway v. Adams, 14 S. W. Rep., 667; Harris v. Howe, 74 Texas, 534; Railway v. Baird, 75 Texas, 256; Hunter v. Railway, 76 Texas, 195.

2. The contract sued on being in writing and showing on its face not to be a through contract, rendering plaintiff in error liable for damages occurring off its line, it was error to construe it as a through contract, and to so instruct the jury; and as such charge could not be proper on any possible state of fact, such error will be considered and revised in absence of a statement of facts.

*John Dowell,* for defendant in error.—1. The court did not err in its charge to the jury in instructing them that the contract sued on was a through contract, making the defendant liable for damage occurring anywhere on the route of shipment. Sayles' Civ. Stat., arts. 277, 278; Railway v. Allison, 59 Texas, 193; Railway v. Golding, 3 Willson's C. C., sec. 33; Railway v. Park, 1 W. & W. C. C., sec. 332; Harp v. Grand Erie, 1 Wood's C. C. R., 184; Hart v. Railway, 4 Seld., 37; 2 Redf. on Rys., sec. 172, subdiv. 2.

2. There is no statement of facts, and nothing to show but that the loss occurred on the line of plaintiff in error; and the court will so consider it.

FISHER, Chief Justice.—This suit was originally instituted in the County Court of Travis County by appellee against appellant to recover $300 damages, the value of a cotton press delivered to appellant for shipment to Sayers, Texas, which was not delivered to appellee as agreed.

The contract of shipment declared on by appellee states, in effect, that

appellant will not be liable for damages occurring on connecting lines of road.

The answer of appellant states, that the cotton press was transported safely to Taylor, Texas, where it was delivered by appellant to the Taylor, Bastrop & Houston Railway Company, a connecting line, for shipment to Sayers, Texas, and the press was safely carried to that point and delivered there.

Appellant contends that the court erred in its charge to the jury, because it instructed them, that the contract sued on was a through contract of shipment, and that the appellant was liable for damages occurring anywhere on the route of shipment.

The charge complained of reads: "The contract of shipment introduced in evidence bound defendant to transport the press delivered by plaintiff to it, to Sayers, Texas, within a reasonable time, and to there deliver it to plaintiff or his agent, if there to receive it.

"If you believe from the evidence that the defendant failed, within a reasonable time after it received said press, to transport and deliver said press to plaintiff's agent at Sayers, Texas, and that at the time it should have been delivered there plaintiff had an agent there to receive it, and that by reason thereof plaintiff has never received said press, then you should return a verdict for plaintiff for the fair market value of the press at Sayers, Texas, at the time that it should have been delivered."

There is no statement of facts in the record. Such being the case, this court will presume that every fact necessary to support the judgment was proven in the trial of the case in the court below.   Gentry v. Schneider, 77 Texas, 2.

In the absence of a statement of facts, we can not determine that the charge complained of was erroneous.   We may, for the purpose of the disposition of this appeal, assume that the contract of shipment was a through contract, and that the liability of appellant only extended to acts occurring on its own line of road.   But still it would not necessarily be a reversible error if the trial court differently construed the contract and held that the liability of appellant extended to the entire route.   If it was indisputably shown from the evidence that the appellant converted the goods delivered to it as a carrier, or that the loss occurred on its own line, it would unquestionably be liable.   Under such circumstances, the construction placed upon the contract by the trial court, although erroneous, would be regarded only as error in the abstract, which in itself would be harmless.   In the absence of a statement of facts, we will assume that facts were proven upon the trial that subjected the appellant to liability in all events.

Acting upon this presumption, the rule announced in Railway v. Adams, 14 Southwestern Reporter, 667, to the effect, that "when it is made to appear that freight transported by successive carriers has been damaged

subsequent to its shipment, and the evidence fails to show on what particular line the injury occurred, there exists a presumption that it was through the fault of the last carrier," does not apply in this case. In this case, we will presume the proof of facts that is said was not shown to exist in the case quoted.

We do not intend to intimate that this court will follow the rule announced in Railway v. Adams when that question comes properly before us, but we leave that as a matter to be considered whenever we are confronted with the question.

The judgment is affirmed.

*Affirmed.*

Delivered May 3, 1893.

Justice Key did not sit in this case.