Texas & Pacific Railway Company et al. v. W. R. Peters et al.

Decided December 13, 1902.

**1.—Carriers of Freight—Live Stock Shipment Contract—Penalty—Consideration.**

Where a live stock shipment contract contains a provision by which the owner undertakes to feed and water the stock while in transit, the fact that no reduction is made in the regular freight rate does not render such agreement by the owner void for want of consideration and the carrier therefore liable for the statutory penalty—the stock not having been fed and watered. Rev. Stats., art. 326.

**2.—Same—Pleading—Issue Made.**

Where the carrier did not, in an action against it for such penalty, plead the shipper's agreement to feed and water the cattle, but it was put in issue by a supplemental petition and was passed on by the jury, this was sufficient.

**3.—Same—Evidence—Written Instrument.**

A written statement as to the condition of the stock, signed on behalf of the owner by the person who had charge of them, was not contractual in nature, nor a written instrument to be construed by the court, but was subject to contradiction and explanation as evidence.

Appeal from the County Court of Nolan County. Tried below before Hon. John H. Cochran.

*Beall & Beall,* for appellants.

STEPHENS, Associate Justice.—On account of delay, rough handling, and failure to feed and water a car of young bulls carried from Marlin to Sweetwater, Texas, appellees recovered verdict and judgment against appellants for $125 as damages, and $225 as penalty for failure to feed and water the cattle. The case made by the petition was one of joint liability both for damages and penalty, and the court, therefore, did not err in overruling the several demurrers. The evidence, however, failed to make a case of liability for penalty against any of the appellants, since the third clause of the contract of carriage imposed upon appellees the duty of feeding and watering the cattle, and no excuse was offered by the person in charge of them for his failure to do so, though he had ample time and opportunity to feed and water both at Waco and Dublin, the delay complained of occurring mainly, if not entirely, at those places. He did not even express a desire to have the cattle fed and watered till they reached Cisco, where it seems the companies were not prepared to water cattle, and then declined the offer to have them fed and watered at Baird, a short distance from Cisco. This clause of the contract, however, was treated in the charge of the court as invalid for want of consideration, but in this the court erred. By the very terms of article 326 of our Revised Statutes no penalty is imposed for the failure of a common carrier to sufficiently feed and water live stock in transit where by special contract this duty is undertaken by the owner of the livestock. Not only did the contract impose the duty in this case, but appellees undertook,

through the person in charge of the cattle (and who was carried by appellants for that purpose in part at least), to perform it. That no reduction was made in the regular freight rate would not in such case warrant the inference, as announced in the charge, that this special stipulation in the contract of carriage was without consideration, so as to subject the carrier to the statutory penalty for failure to feed and water live stock. True, appellants did not distinctly plead this clause of the contract, but it was put in issue by the supplemental petition and passed upon by the jury.

The fifth, sixth, eighth, ninth, and tenth assignments of error, complaining of the admission and exclusion of testimony, are sustained, but need not be discussed.

Also the thirteenth, and particularly the eighteenth assignment, complaining of the charge of the court. The written statement as to condition of the cattle signed by the person in charge of them was important only as evidence, and as such was subject to contradiction and explanation. It was not contractual in its nature, and hence not a written instrument to be construed by the court, as was done in the charge complained of in the eighteenth assignment.

The judgment is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*