DICKERSON et al. v. SAN ANTONIO, U. & G. RY. CO. et al. (No. 5344.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 11, 1914.)

1. APPEAL AND ERROR (§ 547*)—FINDINGS— REVIEW—STATEMENT OF FACTS.

Objections to findings of law and fact by the trial judge and to his refusal to find additional facts cannot be reviewed in the absence of a statement of facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2427, 2429–2432; Dec. Dig. § 547.*]

2. CARRIERS (§ 228*) — INJURIES TO LIVE STOCK—ACTIONS—EVIDENCE.

Where, in an action against a carrier for injury to certain mules in transit, the court made an unattacked finding that the mules were not bruised or injured as alleged during the trip, the court properly rendered judgment for the carrier for failure of proof.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

---

**3. CARRIERS (§ 228*) — INJURIES TO LIVE STOCK—ACTIONS—EVIDENCE — MEASURE OF DAMAGES—FAILURE TO ESTABLISH.**

Plaintiff's failure to establish the measure of damages in an action against a carrier for injuries to animals is fatal to a recovery.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

**4. CARRIERS (§ 228*) — INJURIES TO LIVE STOCK — ACTIONS — EVIDENCE — PRESUMPTIONS.**

Where, in an action for injuries to plaintiff's mules in transit, the court found that plaintiff executed with the initial carrier an instrument, known as "Emigrants' Outfit Contract," for the transportation of nine mules and a grading outfit, and that there were places provided for watering the stock by the keeper in charge, but that he failed to water them except at S. and was guilty of contributory negligence, it would be presumed from such finding that the contract imposed on the keeper the duty to water the mules.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

**5. CARRIERS (§ 207*) — TRANSPORTATION OF ANIMALS—DUTY TO WATER.**

Rev. St. 1911, art. 714, providing that carriers shall feed and water live stock conveyed by them unless otherwise provided by special contract, authorizes carriers to contract with the shippers of animals that such duty shall be performed by the keeper transported with the animals.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 129–239; Dec. Dig. § 207.*]

Appeal from Atascosa County Court; Walter E. Jones, Judge.

Action by T. G. Dickerson and others against the San Antonio, Uvalde & Gulf Railway Company and others. Judgment for defendants, and plaintiffs' appeal. Affirmed.

Jas. D. Crenshaw, of San Antonio, and W. J. Bowen, of Jourdanton, for appellants. Cobbs, Eskridge & Cobbs, of San Antonio, and Wilson, Dabney & King, of Houston, for appellees.

FLY, C. J. This is a suit for $980 damages alleged to have accrued to appellant on account of injuries to a shipment of nine mules from Bronson to Pleasanton, Tex. The appellees are three railways, the one named in the style of the suit, the Gulf, Colorado & Santa Fé Railway Company, and the International & Great Northern Railway Company.

[1] The whole brief is devoted to attacks on the findings of law and fact of the county judge and a refusal to find additional facts. There is no statement of facts in the record, and therefore there is no method by which this court can ascertain whether the findings are supported by the facts or not. The presumption is that they are so supported. Gentry v. Schneider, 77 Tex. 2, 13 S. W. 614; Railway v. Wolf, 3 Tex. Civ. App. 383, 22 S. W. 187; City of San Antonio v. Berry, 92 Tex. 319, 48 S. W. 496.

[2] The court found that "the mules were not bruised or injured as alleged by the plaintiff during the trip," and that conclusion is not attacked. If the animals were not injured as alleged, appellant failed to make out a case, and other matters would be immaterial.

[3] The court also found, in what are termed "conclusions of law," that appellant "failed to establish the measure of damages," and, if that be true, appellant failed to sustain his case. We must conclude that the conclusion was based on the facts.

[4, 5] The court found that there was executed by appellant and the initial carrier a certain instrument, known as "Emigrants' Outfit Contract," for the transportation of nine mules and a grading outfit from Bronson, Tex., to Pleasanton, Tex., and that there were places provided for watering the stock by the man who accompanied the stock, but he failed to water them except at San Antonio, and was guilty of contributory negligence. We must presume that the terms of the contract made it incumbent on the man referred to, to water the mules. Such contracts are upheld by the courts of Texas. Railway v. Daggett, 87 Tex. 322, 28 S. W. 525. It is provided in article 714, Rev. Stats. 1911, that common carriers shall feed and water live stock conveyed by them unless otherwise provided by special contract. In finding the man negligent in not watering the mules, the court necessarily found that the contract provided that he should water them. San Antonio v. Berry, herein cited.

There is no merit in this appeal, and the judgment will be affirmed.