## GULF, C. & S. F. RY. CO. v. WINN BROS.
### (No. 1486.)

(Court of Civil Appeals of Texas. Texarkana. June 1, 1915. On Motion for Rehearing, June 10, 1915.)

1. CARRIERS ☞211—LIVE STOCK SHIPMENT—CONTRACT FOR WATERING.

Rev. St. 1911, art. 714, requiring the carrier to feed and water a live stock shipment, unless otherwise provided by contract, authorizes a contract shifting the duty to the shipper's representative accompanying the shipment.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 926–928; Dec. Dig. ☞211.]

### On Motion for Rehearing.

2. CARRIERS ☞208—LIVE STOCK SHIPMENT—CARETAKERS—PASSES.

Pen. Code 1911, art. 1533, exempting from the provisions of the anti-pass law (Acts 30th Leg. c. 42), in case of a live stock shipment, the necessary caretakers while en route and return, contemplates that they accompany the shipment, and not go on another train.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 924–928; Dec. Dig. ☞208.]

3. CARRIERS ☞218—CONTRACT OF CARRIAGE—EXEMPTION FROM LIABILITY.

Provision of a contract for live stock shipment, to be accompanied by the shipper's representative, relieving the carrier from all liability for injury, is invalid as relieving it from the consequences of its own negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 674–696, 927, 928, 933–949; Dec. Dig. ☞218.]

4. TRIAL ☞85 — EVIDENCE ADMISSIBLE IN PART—REJECTION.

Where part of the contract of carriage is invalid as against public policy, and tends to prove a pleaded defense, though another part is valid and tends to prove another defense, the court is justified in rejecting it offered as a whole. The unobjectionable part should be offered separately.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 222–225; Dec. Dig. ☞85.]

Appeal from Collin County Court; H. L. Davis, Judge.

Action by Winn Bros. against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Terry, Covin & Mills, of Galveston, L. C. Clifton, of McKinney, and John G. Gregg, of Galveston, for appellant. John Doyle, of McKinney, for appellees.

HODGES, J. This appeal is from a judgment for the sum of $325 in favor of the appellees against the appellant as damages for injuries to a shipment of live stock consisting of a car load of mules. The negligence alleged was delay, rough handling, and the failure to feed and water while in transit. The evidence offered by the appellees showed that the car left Wiley, Tex., at about 12 o'clock on the night of February 7, 1914, and arrived at Houston, Tex., its destination, in the afternoon of the 11th of February following; that the animals were in such bad condition that they were not marketable; and that, as a result, nearly all of them were shipped back to Wiley. Proof was offered tending to show that the animals were damaged to the extent of $25 per head.

The first assigned error is the refusal of the court to permit the appellant to introduce in the evidence provisions of the bill of lad

ing stipulating that the shipper would accompany the car and feed and water the stock and release the carrier from that duty. The second assignment complains of the refusal to permit the introduction of the entire bill of lading. This proffered testimony was objected to upon the ground that it was immaterial, irrelevant, and tended to limit the liability of the railway company for its negligence. The testimony offered by the appellant showed that the stock were watered and fed twice after leaving Wiley and before reaching Houston. One of the witnesses for the appellees testified that stock kept on cars 96 hours without being watered and fed more than twice during that time would be injured to the extent of $25 per head. The court submitted the failure to water and feed as one of the grounds of recovery.

[1] In this state of the record it cannot be said, as a matter of law, that a stipulation whereby the shipper binds himself to accompany the stock and to water and feed them on route was unimportant and immaterial. In this instance the shippers were furnished with free transportation, presumably for the purpose of giving them an opportunity to have some one accompany the shipment and comply with the stipulations embraced in the contract. Article 714 of the Revised Statutes provides that common carriers shall feed and water live stock conveyed by them, unless otherwise provided by special contract. This seems to contemplate that contracts may be made whereby the carrier is relieved of that duty and responsibility. Contracts of this character have been upheld in this state as valid and binding obligations. Dickerson et al. v. S. U. & G. Ry. Co., 170 S. W. 1045; Ft. W. & D. C. R. R. Co. v. Daggett, 87 Tex. 322, 28 S. W. 525; T. & P. R. R. Co. v. Arnold, 16 Tex. Civ. App. 74, 40 S. W. 829; T. & P. R. R. Co. v. Peters, 31 Tex. Civ. App. 6, 71 S. W. 71. Article 1533 of the Penal Code exempts from the provisions of the anti-pass law the necessary caretakers to accompany shipments of live stock. Evidently this provision is based upon the assumption that the person to whom the transportation is given will accompany the shipment and perform the duties usually expected of a caretaker in looking after the welfare of the stock while en route. In this case the evidence shows that one of the appellees to whom the transportation was delivered, instead of accompanying the shipment, waited until the next day and went through to Houston on a passenger train. He did not see the stock from the time they left Wiley until their arrival at their destination. Clearly the law did not contemplate that railway companies should give transportation to be used in that way. We think the court erred in refusing to admit the proffered testimony as against the objections urged. It may be that portions of the bill of lading, or even portions of that part which was first offered, were inadmissible. But the objection urged and sustained was as to the whole. The rule is that when testimony is offered, a part of which is admissible and a part is not, a general objection to all will not be sustained. It is the duty of the objector in such instance to confirm his objection to those portions of the testimony which are inadmissible. This proposition is too well settled to call for a reference to authority.

The remaining assignment of error is without merit; but, for the errors discussed, the judgment will be reversed, and the cause remanded for a new trial.

### On Motion for Rehearing.

[2-4] In disposing of this case originally, we were of the opinion that the only material facts put in issue by the pleadings, which the bill of lading would tend to establish, was the agreement of the shippers to accompany the stock and to feed and water. A further examination of appellant's answer discloses that, in addition to this defense, it also pleaded other stipulations in the bill of lading. For instance, it pleaded a provision which released it from any and all damages that resulted to the stock during that shipment. It was alleged that the stock were shipped at the shippers' risk in consideration of a low freight rate; that they were not to be delivered at any specified time or any particular hour nor at any season for any particular market; that, by reason of the stipulations contained in the bill of lading, the defendant was released from all damages on account of the shipment. The effect of these stipulations in the bill of lading, if received in evidence, would be to establish defenses exempting the carrier from the consequences of its own negligence.

Our attention has been called to the case of Pecos & N. T. Ry. Co. v. Brooks, 145 S. W. 649. This is a decision rendered by the Amarillo court, holding provisions of a contract identical with those here offered in evidence inadmissible because illegal. That case had been previously considered by us, and we were fully in accord with the conclusions there announced; but our ruling was based upon the assumption that the only legal effect of the bill of lading, if received in evidence, would be to establish the defense that the shippers had agreed to accompany and to feed and water the stock, and that the mere fact that the bill of lading contained some other and irrelevant provisions, which could not operate injuriously to the plaintiff in the suit, did not justify its exclusion. However, we are now of the opinion that that assumption was not justified, and that the purposes for which the proffered testimony was tendered, and the effect its introduction would have had, justified the court in refusing to admit it. If the appellant desired to avail itself of those stipulations, which the carrier had a right to make, concerning the loading and unloading and the feeding and watering of the stock, they

should have been offered unincumbered by those which were illegal.

The motion for rehearing is granted. The judgment heretofore rendered reversing and remanding the cause will be set aside, and the judgment of the county court affirmed.