NELSON v. GULF, C. & S. F. RY. CO. et al.
(No. 1475.)

(Court of Civil Appeals of Texas. El Paso. May 10, 1923.)

1. **Trover and conversion** ⊚⟝25—Carrier not liable for shipper's mistake in loading animals mixed with shipment.

Where a shipper bound by contract with a railroad company to care for his cattle during transit, turned his cattle out to graze, and the shipper's caretaker by mistake took two cows belonging to another which became mixed with the shipment, and shipped them, the company was not liable to the owner for conversion.

2. **Carriers** ⊚⟝211—Contract between carrier and shipper held to relieve carrier from watering and feeding cattle.

A contract between a railroad company and a shipper which put upon the shipper the duty

of feeding and watering cattle while in transit was valid, and relieved the railroad company from the duty of feeding and watering the cattle imposed by Rev. St. art. 714.

Appeal from Nolan County Court; A. S. Mauzey, Judge.

Action by T. J. Nelson against the Gulf, Colorado & Santa Fé Railway Company. From judgment for defendant, plaintiff appeals. Affirmed.

R. C. Crane and J. C. Babb, both of Sweetwater, for appellant.

Douthit, Mays & Perkins, of Sweetwater, for appellee.

HIGGINS, J. [1] On September 9, 1920, there was unloaded in appellee's shipping pens at Sweetwater, Tex., a carload of cows moving from De Leon, Tex., to Plainview, Tex. Contract covering the shipment was executed at De Leon in the name of Bell & Enza, which provided that the shipper should load, unload, and reload the car and feed and water the live stock and attend the same while in the carrier's stockyards, pens, or cars, at his own expense, and the shipper was in no sense the agent, employee, or servant of the carrier, but was his own master in and about the matters and things to be performed by him under the contract.

While the cows were in appellees' pens at Sweetwater awaiting further shipment, Enza, the caretaker, without authority from appellee, turned the cows out to graze and hired a boy to help him herd them. None of the employees of appellees had anything to do with this. Appellant had two cows which were running upon the commons, and these became mixed with the shipment which had been turned out to graze or were picked up by Enza and brought to the pens by him with his cattle, and all of the stock loaded and transported to Plainview. Rogers, who had charge of the pens for appellee, assisted Enza in getting the cattle back into the pens after Enza had gathered up the herd and brought it to the pens. This he did because Enza was having trouble in getting the cattle to enter the pen. Rogers did not know Nelson's cows from any one else's. Subsequently Enza had the two cows of the appellant shipped back from Plainview and returned to appellant.

This suit was brought by the appellant against the Gulf, Colorado & Santa Fé Railway Company and the Panhandle & Santa Fé Railway Company to recover damages by reason of the loss of milk from said cows, deterioration in their condition, etc., alleging, in substance, that the aforesaid shipment had been unloaded in the pens for feed, water, and rest, and that the agents, employees, and servants of appellee, acting within the scope of their authority to afford such rest and to feed and water the same, turned the stock out of the pens to graze, rest and water, and that the agents, servants, and employees of appellee wrongfully and carelessly mixed the plaintiff's cows with the shipment and loaded plaintiff's cows into a car and transported the same to Plainview.

The appellee pleaded that, if the cows were taken from plaintiff's possession, the same did not occur by reason of any negligence of its employees, but by the caretaker of the shipment while he had the cattle out grazing them, and that the duty of feeding and watering and loading the cattle rested upon the shipper under the contract.

The case was submitted to a jury upon the issue of whether any of the employees of the appellees acting within the scope of their employment negligently went upon the range and picked up the plaintiff's cattle, which being answered in the negative, judgment was rendered in favor of the appellees.

Various errors are assigned, but it is unnecessary to consider the same in detail, for the reason that under the undisputed evidence no other judgment could properly have been rendered except the one which was rendered, and a peremptory instruction in the defendant's favor should have been given.

[2] The contract under which the shipment moved imposed upon the shipper the duty of feeding and watering the stock while in course of transportation. This contract was valid and relieved the carrier of the duty of feeding and watering the cattle. Article 714, R. S.; Railway v. Winn Bros. (Tex. Civ. App.) 178 S. W. 697; Dickerson v. Railway (Tex. Civ. App.) 170 S. W. 1045.

While discharging this duty, the plaintiff's cattle became mingled with the shipment, and the shipper brought them, together with his own, back to the pen and tendered the same to the carrier for transportation to Plainview. In thus acting the shipper or caretaker was in no sense the agent or employee of the railway company. If there is any cause of action, it is against the shipper. Under no principle of law can the railway companies be held liable and responsible for the independent, voluntary, and unauthorized act of Enza. There was no concert of action whatever between Enza and the appellees, its agents or employees; no conscious participation by the appellees, its agents or employees, in the wrongful conversion of the plaintiff's cows. The appellees were simply discharging the duty imposed upon them by law and by contract to transport the Enza & Bell shipment, and were in no wise liable under the undisputed evidence for the wrongful acts of Enza. 26 R. C. L. 766; 38 Cyc. 484 et seq.

Affirmed.