ST. LOUIS & S. F. R. CO. v. DEAN et al. .
(Court of Civil Appeals of Texas. Austin.
Dec. 11, 1912.)

1. EVIDENCE (§ 323*)—HEARSAY—CARRIERS.

In an action for delay in transporting cattle, plaintiff's testimony that the cattle were sold at the place of destination at certain prices should have been excluded as hearsay, where he had no personal knowledge of the facts, but merely stated what was disclosed to him by the account of sales received from commission merchants.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1214–1217; Dec. Dig. § 323.*]

2. EVIDENCE (§ 553*)—HYPOTHETICAL QUESTIONS—PREDICATE.

It was error to permit witnesses to answer hypothetical questions, where the evidence failed to sustain the hypothesis.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2369–2374; Dec. Dig. § 553.*]

3. CARRIERS (§ 228*)—DELAY IN TRANSPORTING STOCK — DAMAGES — EVIDENCE—SUFFICIENCY.

Where, in an action for delay in transporting cattle, the court's charge fixes the measure of damages at the difference between the market value of the cattle on arrival and what would have been their market value had they been promptly delivered, it is essential to plaintiff's recovery for the proof to show the market value at both times.

[Ed Note.—For other cases, see Carriers, Dec. Dig. § 228.*]

Appeal from Kaufman County Court; Thos. R. Bond, Judge.

Action by H. E. Dean against the St. Louis & San Francisco Railroad Company and others. From judgment for plaintiff, the St. Louis & San Francisco Railroad Company appeals. Affirmed in part, and in part reversed and remanded.

Andrews Ball & Streetman, of Houston, S. W. Marshall, of Dallas, and A. H. Dashiel and Wm. P. Dumas, both of Terrell, for appellant. Dashiell, Crumbaugh & Coon, of Terrell, for appellees.

KEY, C. J. Appellee brought this suit against appellant and three other railroad companies, seeking to recover damages on account of delay in transportation of a shipment of beef cattle from Wills Point, Tex., to East St. Louis, Ill. There was a verdict and judgment for the other defendants, which is not complained of, and therefore nothing more need be said as to them. The St. Louis & San Francisco Railroad Company answered by exceptions, general denial, and that the delay which occurred on its line was caused by a wreck, and by stopping to feed and water the cattle, as required by the federal statute. The plaintiff recovered a judgment against that defendant, and from that judgment this appeal is prosecuted.

[1] We sustain the first assignment, which complains of the action of the court in permitting the plaintiff to testify, over appellant's objection, to the effect that his cattle were sold at the place of destination at certain prices and for a certain aggregate amount. It was shown by the witness' own testimony that he had no personal knowledge of the facts referred to, and was merely stating what was disclosed to him by the account of sales received by him after he reached home from the commission merchants who sold the cattle in East St. Louis. His testimony was hearsay, and should not have been admitted over appellant's objection. T. & P. Ry. Co. v. Leggett, 86 S. W. 1066.

[2] The second and third assignments are addressed to the action of the court in permitting certain witnesses to express opinions upon a certain hypothetical state of facts; the objection being that the evidence failed to sustain the hypothesis presented. The objection seems to be well taken, and we sustain the assignments referred to.

[3] We also sustain the fourth assignment, which assails the verdict, because there was no proof of the market value of the cattle at the place of destination at the time said cattle should have arrived there. We fail to find any such proof in the statement of facts, and as the law as given in charge by the court fixes the measure of damages at the difference between the market value of the cattle at the time of their arrival at their destination in the condition in which they arrived, and what would have been their market value if they had been delivered without unnecessary delay, it was necessary for the proof to show the market value at both times; for, without such proof, the jury had no evidence by which to determine the difference between such values.

The other assignments have been considered and are overruled.

For the errors pointed out, the judgment will be reversed, and the cause remanded as between appellee Dean and the appellant, St. Louis & San Francisco Railroad Company; but, as to the other defendants, the judgment will be affirmed.

Affirmed in part, and in part reversed and remanded.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes