ZARATE et al. v. UNKNOWN HEIRS OF ZARATE et al. (No. 6032.)

(Court of Civil Appeals of Texas. San Antonio. May 22, 1918. Rehearing Denied June 19, 1918.)

1. JUDGMENT ⚖➡955 — FORMER JUDGMENT — PARTIES—EVIDENCE.

In trespass to try title, a decree in a former action, introduced by defendants, without any pleading or testimony to show what land was involved, or what issues were disposed of, held not to identify defendants therein with defendants mentioned in the amended petition in the present suit.

2. JUDGMENT ⚖➡585(1) — RES JUDICATA — FORMER DECREE.

In such case, where there was no evidence that the issues and parties in the former suit and the present suit were the same, the decree in the former was not admissible to prove res judicata, nor outstanding title.

3. EVIDENCE ⚖➡43(3) — JUDICIAL NOTICE — PLEADING AND PROOF IN FORMER SUIT.

In trespass to try title, the court could not take judicial notice of all the facts stated in

the pleadings in a former suit and all the facts proven in that cause as presented in the transcript and statement of facts, making the record on appeal of that case to the Court of Civil Appeals.

Error from District Court, Brooks County; V. W. Taylor, Judge.

Trespass to try title by Juan Zarate and others against the unknown heirs of Manuel Zarate and others. Judgment for plaintiffs for remainder of one-third of the grant in suit, and against them for the remaining two-thirds, and they bring error. Reversed, and cause remanded.

T. Wesley Hook, of Kingsville, for plaintiffs in error. John C. North, of Corpus Christi, and Canales & Dancy, of Brownsville, for defendants in error.

SWEARINGEN, J. This is a trespass to try title suit, brought by the following parties, who are all plaintiffs in error, hereinafter styled plaintiffs: Juan Zarate, sometimes known as Juan Zarate·Salinas, and Damasio Zarate, for themselves, and Hilaria Aigular de Garcia and Vilgino Garcia, her husband, Manuel Zarate, Santos Zarate, Daria de Flores and Hipolito Flores, her husband, Constancia Salinas, Jose Cantu, Jesus Cantu, Francisco Cantu, Patricia L. Cantu, Atalina Cantu, Barbara Cantu and Secundino Cantu, by their attorneys in fact, Juan Zarate and Damasio Zarate, and Doroteo Bayarena, sometimes known as Doroteo Zarate, and Rosa Bayarena, sometimes known as Rosa Zarate, and Candelario Bayarena, sometimes known as Candelario Zarate, and Simon Bayarena, sometimes known as Simon Zarate, the four last named persons being the only heirs of Maximo Bayarena, sometimes known as Maximo Zarate, who has died since the commencement of this suit, and Cayatena Zarate, Jose Zarate, Manuella Zarate, and Cayatano Rodriguez, Fortunato Rodriguez, Manuel Rodriguez, and Juliana Rodriguez, the seven last named persons being the only heirs of Pilar Zarate, who died since the commencement of this suit, the three last named persons of said seven appearing by their next friend, Cayetano Rodriguez, and Ricardo C. Cantu—against the following named defendants in error, herein styled defendants: The heirs unknown, except as hereinafter stated, who are, as to some, the children, but for the most part the grandchildren, of Manuel Zarate, sometimes called Manuel Bayarena, and of Francisco Elizondo, both deceased—the children of the latter being by name, so far as plaintiffs know (without repeating the surname, Elizondo, after each name given), Nicanor, Doroteo, Tiburcia, Mariana or Marianita, Jesus, Ricardo, Manuella, and Exiquia; the names of the children of the children of Francisco Elizondo are unknown, except that Fortunato Elizondo is a child of Doroteo Elizondo, the

children of Exiquia above named are by Vicente Olivares, her second husband, namely, Leopoldo Olivares, Samuel Olivares, and Ester Olivares, the first husband of said Exiquia was Placido Rodriguez, and the husband of Manuella above named is Manuel Diaz, the wife of said Francisco Elizondo was Marta Zarate, deceased, the children of Manuel Zarate were (the surname, Zarate, is omitted after each given name) Tomas, Secundino, Eliseo, Rosaria, Juanna, and the other, whose name, plaintiffs believe, is Felix. The husband of Juanna is Guadalupe Villareal, made a party defendant herein; the husband of Rosaria is Juan Antonio Ruiz, by whom she had two children, Jose Angel Ruiz and Geronimo Ruiz, who are made defendants herein. Except as hereinbefore shown, the heirs of said Francisco Elizondo·and his said wife, and of Manuel Zarate and his wife, are unknown to plaintiff, and whether any of those named are alive is unknown to plaintiffs, or, if dead, their heirs; but they are made parties herein, although their residence is unknown to plaintiffs, as is the residence of all defendants, and of Nicanor Elizondo, Manuella Elizondo de Diaz and her husband, Manuel Diaz, Abraham Elizondo, Mariana Elizondo, Estefina Elizondo de Perez and Martin Perez, and Simon Trevino.

There was no jury. Judgment was rendered in favor of plaintiffs for one-third of the Alameda grant, less the portions of said one-third sold by them prior to the suit, and against them for the remaining two-thirds of said Alameda grant. The judgment, however, awarded to plaintiffs whatever interest in the Alameda grant was owned by the unknown heirs of Manuel Zarate and of Francisco Elizondo; but what that interest is does not appear. The cost incurred by one of the defendants, Simon Trevino, was awarded against him. The balance of the costs, including a fee of $300, allowed the attorney appointed by the court to represent the unknown heirs, was adjudged against the plaintiffs.

The third amended petition alleged that plaintiffs were heirs of Pilar Zarate and that he received a grant to three leagues of land in 1835, which was afterwards, in 1881, patented to him by the state of Texas. The three leagues of land became known as the "Alameda grant," which is described by metes and bounds in the said petition. The third amended petition also alleged that Damasio and Juan Zarate owned 11,276 acres, of the Alameda grant of 13,284 acres, by virtue of a tax deed. The said petition also contained all the other essential allegations required in this form of suit. Defendants answered by plea of "not guilty."

There was proven the grant of 1835 confirmed by the Texas patent, in 1881, to Pilar Zarate. The family tree introduced in evidence shows that a number of the plaintiffs

were lineal descendants of Pilar Zarate. Several of those named in the petition as plaintiffs are not mentioned in the proof, at least not by the same or a similar name, for instance, Jesus, Atalina, and Barbara Cantu and Doroteo Zarate; while, on the other hand, the proof shows that Lucia and Juan Cantu and Petra Zarate were descendants of Pilar Zarate, but none of them are mentioned in the petition. Then, again, the family tree in evidence shows that Petra Sanchez is living; whereas, in the petition, her husband and children are named as plaintiffs. The location, boundary, and area of the Alameda grant were established. The tax deed by the sheriff from Pilar Zarate to 11,276 acres of the 13,284 acres, and all mesne conveyances to Domasio and Juan Zarate, were introduced in evidence. There was no proof to support any of the pleas of limitation. On behalf of the defendants there was introduced, without objection, what purported to be the family tree of Juan Zarate and of Marta Zarate Elizondo.

Under the plea of "not guilty" defendants sought to prove an outstanding title superior to that of plaintiffs. For this purpose defendants introduce the decree rendered in suit No. 62, styled "Juan Zarate et al. v. Antonio Villareal et al." This decree was a general one against certain named plaintiffs and in favor of certain named defendants. The decree is entitled "A suit in trespass to try title and for damages." No pleadings or testimony was offered in connection with this to show what land was involved, nor what issues were disposed of. But the chief defect in the decree as evidence of an outstanding title is the impossibility of identifying the defendants in the decree rendered in suit No. 62 with the defendants mentioned in the third amended petition in this suit. This will be fully discussed in our consideration of the assignments.

The first, second, fifth, and sixth assignments contend that the decree in suit No. 62 was insufficient in itself to support the judgment herein, because that decree in suit No. 62 did not show that the issues and parties were the same in that and in this. The third and fourth assignments complain that the court erred in admitting the decree in No. 62 as evidence of res adjudicata. The reasons for the court's errors are the same in all of the six mentioned assignments.

We think these assignments should all be sustained. The decree in suit No. 62 was as follows:

"Juan Zarate et al. v. Antonio Villareal et al. No. 62. Trespass to Try Title as Well as for Damages. This 5th day of January, A. D. 1912, came on to be heard the foregoing styled and numbered cause, and the parties and their attorneys appeared in open court and announced ready for trial. Then came a jury of good and lawful men, composed of H. M. Bennett and eleven others, who having been duly tried, impaneled, and sworn, and having heard the pleadings, the evidence, and argument of counsel, and the charge of the court, retired to consider of their verdict. After due deliberation said jury returned into court the following verdict: 'January 5, 1912. To Hon. W. B. Hopkins, District Judge: We, the jury in the case of Juan Zarate et al. v. Antonio Villareal et al., find in favor of the defendants. H. M. Bennett, Foreman.' Wherefore it is considered by the court that plaintiffs ought not to recover, and that defendants should go home without day and recover on their cost bond herein all their costs in this behalf expended. It is therefore ordered, adjudged, and decreed by the court that the plaintiffs, Juan Zarate, Damaso Zarate, Pilar Zarate, Maximo Zarate, Manuel Zarate, Santos Zarate, Hilaria Aguilar de Garcia, Virginia Garcia, Daria de Flores, Hipolito Flores, Ricardo Cantu, Secundo Cantu, Lucio Cantu, Constancio Salinas, Jose Cantu, Juan Cantu, Jesusa Cantu, Francisco Cantu, Patricia L. Cantu, Atalina F. Cantu, and Barbara Cantu, take nothing by this suit, and that defendants, Antonio Villareal Flores, alias Antonio Villareal, Gumecinda V. de Villareal, Silvester Cantu, Nicolosa Flores Salinas de Cantu, Nicolas Cantu Altamira, Roque Cantu, Jose Maria Martinez, Matilde Martinez, Victor Martinez, Vivian de Luna, Severina Flores de Morales, Ignacio Morales, Marcelo Cantu, alias Marcelo Cantu Altamira, Tomas Diaz, Francisco Flores Garza, alias Francisco Flores Garza Salinas, Jose Maria Longoria, and Simon Trevino, go hence without day. * * *"

[1-3] It will be noticed that the defendants in the above decree are not described as the heirs of Marta Zarate Elizondo, nor of Manuel Zarate, and that the following named as defendants in that decree are not identified by the family trees as heirs of either Manuel Zarate or Marta Zarate Elizondo, viz.: Antonio and Gumecinda Villareal, Sylvester Cantu, Nicholas Flores Salinas de Cantu, Nicholas Cantu Altamira, Roque Cantu, Jose Maria Martinez, Matilde Martinez, Victor Martinez, Vivian de Luna, Severina Flores de Morales, Ignacio Morales, Tomas Diaz, and Jose Maria Longoria. The evidence shows that Francisco Flores Garza was the second wife of Juan Antonio Ruiz; that Juan Antonio Ruiz's first wife was Roseria Zarate; that Juan Antonio Ruiz is dead, hence he acquired no interest in the estate of Pilar Zarate by inheritance. Simon Trevino is mentioned as defendant in the petition herein, and in the decree in suit No. 62; but the evidence of heirship fails to identify him as such, or show any interest owned by him.

Counsel for defendants evidently is under the impression that this court can take judicial notice that suit No. 62 was appealed to this court and of the judgment therein rendered by this court. In this he is probably correct; but he also seems to be under the impression that this court can judicially know all the facts stated in the pleadings in suit No. 62, and all of the facts proven in that cause, as these facts are presented in the transcript and statement of facts, which made the record on the appeal of that case to this court. If such be his construction of the rule of judicial notice, he is mistaken. The rule is stated thus in Armendiaz v. Serna, 40 Tex. 292-304:

"In this connection it is proper to observe, on the suggestion of counsel for plaintiff, that this court should examine the record of the suit here pending on appeal, between the defendant and Sam Roman, to determine his liability to her, in aid of the jurisdiction of the court below. The court is of opinion that such examination of another record, not in evidence in the record of this cause, would be wholly improper in any point of view. The merits or correctness of decisions made in one case can never be dependent on the contingency of a decision not made final in another, nor put in evidence in the cause at the time of such decision in the first. Moreover, it is believed that such a practice of referring to other records or matters dehors that which is under consideration, would be fraught with dangerous consequences, and tend to unjust decisions between litigants. The hearing and decision here should be, and is required by law to be, exclusively upon the record of each cause here appealed, just as it stood in the court from which it is brought."

The above declaration of the rule is approved by our Supreme Court in State v. Savage, 105 Tex. 471, 151 S. W. 530. We conclude that there is no evidence that the issues and parties in this suit and in suit No. 62 were the same; hence the decree was not admissible to prove res adjudicata, nor outstanding title, and is insufficient to support the decree herein. We sustain the first, second, third, fourth, fifth, and sixth assignments.

The seventh assignment complains of the trial court's award of costs. Inasmuch as we will have to reverse the judgment and remand this cause for further trial, it will be unnecessary to consider the seventh assignment.

The judgment of the trial court is reversed, and the cause is remanded.

