**HINES, Director General of Railroads, v. EDWARDS et al. (No. 1196.)**

(Court of Civil Appeals of Texas. El Paso. March 10, 1921.)

**1. Carriers ☞229(2)—Measure of damages for negligent injury of cattle carried stated.**

The measure of damages for negligent injury by carrier of cattle carried is the difference between their market value as they would have arrived but for such negligence and their market value as they did arrive.

**2. Carriers ☞228(3)—Testimony held no evidence of market value of shipment of cattle injured.**

Testimony that by reason of negligent handling by carrier of cattle carried they were depreciated at least $5 per head does not meet the question of market value necessary to fix the damages.

**3. Evidence ☞472(2)—Testimony as to damage to cattle held inadmissible as involving a mixed question of law and fact.**

Testimony in action for negligent injury of a shipment of cattle that they were depreciated by reason of such injury and on account of delay in shipment and rough handling and failure to receive needed food and water, at least $5 per head, is inadmissible, as involving a mixed question of law and fact.

Error from Haskell County Court; Jas. P. Kinnard, Judge.

Action by S. Edwards and another against Walker D. Hines, Director General of Railroads. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

McConnell & Grissom, of Haskell, for plaintiff in error.

Murchison & Davis, of Haskell, for defendants in error.

HARPER, C. J. This is an appeal from a judgment in favor of appellees and against the Director General of Railroads for $400 as damages to a shipment of 80 head of cattle from Fort Worth to Haskell, Tex., by reason of negligence in handling, delay, and failure to furnish opportunity to feed and water, etc.

Tried before the court without a jury and judgment rendered for plaintiffs, from which this appeal.

The appellant says that cause should be reversed and remanded for a new trial because the court erred in not excluding the testimony of one of the plaintiffs to the effect "that the cattle were depreciated at least $5 per head on account of delays, rough handling, and the failure to receive food and water," and because there was no evidence of the true measure of damages, viz. "the difference between the value of the cattle at their destination in the condition in which they arrived there and the condition in which they should have arrived."

[1-3] Accurately stated, the rule of damages in actions against a carrier for injury to cattle carried by it and injured by negligence is the difference between the market value of the cattle in the condition in which they would have arrived but for the negligence of the defendant and their market value in the condition in which, by reason of such negligence, they did arrive. The only evidence in the record (statement of facts made up by the court) to bring appellees' cause of action within this rule of measure of damages is:

"The cattle were depreciated by reason of such injury and on account of the delay in said shipment and rough handling they received, and their failure to receive the food and water they needed, at least $5 per head."

This testimony does not meet the question of market value, and besides was inadmissible for the reason that it involved a mixed question of law and fact. H. & T. C. Ry. Co. v. Roberts, 101 Tex. 418, 108 S. W. 808; Ft. W. & D. C. Ry. Co. v. Gatewood, 185 S. W. 932; Railway Co. v. James, 190 S. W. 1139.

So there is no basis in the evidence for the judgment rendered.

Reversed and remanded.