## TEXAS & PACIFIC RAILWAY COMPANY v. J. V. PRUNTY.

### No. 2860.   Decided April 20, 1921.

#### (230 S. W., 396.)

**1.—Carriage of Live Stock—Damages—Evidence—Value—Negligence.**

In an action against a railway for damages from rough handling of live stock transported by it to market, witnesses qualified to give an opinion could testify to the value of the animals at destination if handled with ordinary care and delivered in good condition, and also to the difference between such value and that of the animals in the condition in which they were delivered.   (P. 163).

**2.—Same—Opinion.**

The opinion of witnesses as to the difference in the value of live stock in the condition in which the carrier delivered them and the value which they would have had if handled with due care and delivered in good condition, would necessarily be given upon an hypothetical question, and such question does not call for their opinion as to whether they were in fact transported with due care, which was for the jury.   Houston & T. C. Ry. Co. v. Roberts, 101 Texas, 418, distinguished.   Chicago R. I. & G. Ry. Co. v. Jones, 118 S. W., 759, and other cases, approved.   (Pp. 164, 165).

Questions certified from the Court of Civil Appeals for the Second District, in an appeal from Wise County.

The railway company appealed from a judgment recovered against it by Prunty.   Two of the appellate judges being for reversal and one dissenting, the point was certified to the Supreme Court.

*George Thompson and McMurray & Getty,* for appellant:

This testimony embraces an opinion of the witness invading the province of the jury, it being for the jury and not for the witness to decide and say whether the shipment in question was handled with ordinary care and diligence.   It also involves a mixed question of law and fact; the witness being permitted to use his own ideas as to what is ordinary care and to include in his testimony his conclusion therefrom as to whether the shipment in question was handled with such care and diligence.   H. & T. C. Ry. Co. v. Roberts, 101 Texas, 418, 108 S. W., 808; M. K. & T. Ry. Co. v. Brown, 155 S. W., 979; F. W. & D. C. Ry. Co. v. Thompson 21 S. W., 138; H. & T. C. Ry. Co. v. Davis 109 S. W., 422; G. C. & S. F. Ry. Co. v. Kimble, 109 S. W.,

235; I. & G. N. Ry. Co. v. Hamon, 173 S. W., 613; Louisville etc. Ry. Co. v. Boulden, 110 Ala., 185; 17 Cyc., pp. 57-58.

*M. W. Busch* and *R. F. Spencer* for appellee.

It is not an invasion of the province of the jury for a witness who shows himself qualified to state the difference in the market value of live stock in the condition in which they did arrive, and that in the condition in which they would have arrived handled with ordinary care and diligence. C. R. I. & G. R'y Co. v. Jones, 118 S. W., 759; G. C. & S. F. Ry. Co. v. King, 174 S. W., 960; K. C. M. & O. Ry. Co. v. West, 149 S. W., 206; T. & P. Ry. Co. v. McIntyre, 152 S. W., 1103; G. H. & S. A. Ry. Co. v. Saunders, 141 S. W., 829.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

The suit was one for damages to some mares and colts belonging to the plaintiff, caused by alleged rough handling by the railway company in their shipment. In proving the damages two witnesses for the plaintiff were asked to give their opinion as to 'the reasonable market value of the animals at destination if they had been handled with ordinary care and delivered in good condition.' In another form the question called for their opinion as to 'the difference, if any, between the reasonable market value of the animals at destination in the condition in which they did arrive and that in which they would have arrived if handled with ordinary care and diligence.' Objection was made to the questions upon the ground that the answer to them would call for a conclusion of the witnesses which they were not qualified to give, since it involved a mixed question of law and fact. The objection was overruled and the witnesses permitted to answer. On the appeal a majority of the honorable Court of Civil Appeals for the Second District held that the objection was good and should have been sustained, their view being that the questions called for a conclusion on the very issue to be determined by the jury. Chief Justice Conner dissented from this holding.

The questions certified are (1) whether the trial court ruled correctly in permitting answers to the questions; and (2) whether the admission of the testimony, if erroneous, required a reversal of the judgment.

We understand from the certificate that no question was made as to the witnesses being experienced stock men, or as to their competency to give an expert opinion in answer to the questions propounded. Our answer to the first question is given on this assumption.

We think the testimony was admissible.

The measure of damages in the case was the difference between the market value of the animals at destination in the condition in which they would have been delivered but for the carrier's negligence, and

their market value in their actual condition as caused by its negligence. The only way the damages could be proved was by evidence of such respective values. Testimony as to the first could only be given in answer to a hypothetical question, involving as its basis the assumption that the animals had not been subjected to negligent handling. That would have to be assumed in order for the question to furnish a proper criterion.

Does a question as to value, predicated on such an assumption, call for a conclusion of law or a conclusion upon a mixed question of fact and law? We think not. The inquiry made of a witness by such a question is not his opinion as to whether the carrier was negligent. It calls for his opinion as to the value of the property on the hypothesis that the carrier was not negligent. The proof is necessarily hypothetical, as any jury understands. The questions which elicit it must likewise be hypothetical. A qualified witness may give his opinion on a question of value, since value is a mere matter of opinion. Proof of value is proof of a fact. And proof of value based upon a given hypothesis is still proof of a fact. It invades no province of the jury, since the jury is necessarily advised that the hypothesis is assumed and is therefore not at all the subject of the inquiry.

Here the issue for the jury's determination was whether the carrier was negligent in the handling of the animals. The questions asked the witnesses called for no answer on that question. They merely asked for their opinion as to the value of the animals, altogether assuming that they had been handled in an ordinarily careful manner. It would be a highly technical rule which would interdict such testimony from a witness qualified by knowledge or experience to give it.

In the Roberts case (Houston & T. C. Ry. Co. v. Roberts, 101 Texas, 418, 108 S. W., 808)—a suit for damages for delay in the shipment of live stock—cited by the majority of the honorable Court of Civil Appeals, the testimony condemned was that of a witness as to what would have been "a reasonable time" for the shipment. This called directly for an opinion as to the carrrier's negligence, and the decision is correct. The testimony here was of distinctly a different character. It was proof of a fact upon an issue entirely outside that of the carrier's negligence and of no consequence unless its negligence was established.

In Chicago, Rock Island & Gulf Railway Company v. Jones, decided by the Court of Civil Appeals for the Sixth District, 118 S. W., 759, substantially the same character of testimony as that here presented was held admissible. The ruling was challenged on application for writ of error made to this court, but the writ was refused.

Other decisions by Courts of Civil Appeals to the same effect are: Kansas City, Mexico & Orient Railway Company v. West, 149 S. W., 206, and Texas & Pacific Railway Company v. Max Hahn Pack-

ing Co., 197 S. W., 1146,—in addition to the dissenting opinion of Judge Conner in Texas & Pacific Railway Company v. McIntyre & Hampton, 152 S. W., 1103.

The answer given to the first question makes unnecessary a determination of the second.