## DAVIS, Agent, v. PITTMAN–HARRISON CO. (No. 2718.)

(Court of Civil Appeals of Texas. Texarkana. March 22, 1923.)

Evidence ⟨⇒506—Opinion as to what was reasonable time for shipment held inadmissible.

In an action for damages of a common carrier in negligently delaying a shipment of seed, testimony of plaintiff's traffic manager that he considered five or six days a reasonable time for the shipment *held* an inadmissible opinion on questions of law and fact which were for the court and jury.

Appeal from District Court, Grayson County; Silas Hare, Judge.

Action by the Pittman-Harrison Company against James C. Davis, Agent. From judgment for plaintiff, defendant appeals. Reversed, and remanded for new trial.

June 28, 1919, the Early Grain & Elevator Company delivered a carload of cane seed to the Fort Worth & Denver City Railway Company at Amarillo for transportation to appellee at Sherman. The seed were carried over said railway company's line of railway to Fort Worth, and from that place over the St. Louis, San Francisco & Texas Railway Company's line to Sherman, where they arrived July 31, 1919. Both said railroads were being operated by the federal government at the time specified. This suit by appellee for damages was on the theory that the carriers were guilty of negligence, in that they failed to use care to transport the seed to Sherman within a reasonable time, which appellee alleged to be five or six days. Appellee further alleged that the market value of the seed was $2,250 at the time they should have reached Sherman, and $1,290 at the time they did reach there, and prayed for a recovery of the difference as the damages they were entitled to. At the trial special issues were submitted to a jury, and, their findings being in appellee's favor, it was awarded a recovery of $904.80 against appellant.

---

⟨⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Goree, Odell & Allen, of Fort Worth, and Freeman, McReynolds, Hay & Wolfe, of Sherman, for appellant.

Wood, Jones & Wood, of Sherman, for appellee.

WILLSON, C. J. (after stating the facts as above). It appears from a bill of exceptions in the record that after the witness Scott, appellee's traffic manager, had testified on its behalf that he had worked for appellee over nine years and "had experience with cars shipped from Amarillo," he was permitted to testify, over appellant's objection on the ground that it was an opinion and conclusion of the witness on a question of fact to be passed on by the jury, that he (the witness) "considered" five or six days to be a reasonable time in which to transport a car from Amarillo by Fort Worth to Sherman over the Fort Worth & Denver and St. Louis, San Francisco & Texas Railways in June and July, 1919. Appellant insists that the trial court erred when he overruled the objection and admitted the testimony, and cites Railway Co. v. Roberts, 101 Tex. 418, 108 S. W. 808, and Railway Co. v. Prunty, 111 Tex. 162, 230 S. W. 396, decided by the Supreme Court, and several cases decided by Courts of Civil Appeals, as authorities supporting his contention. Combating appellant's view, appellee insists it is not supported by either the Roberts or the Prunty Case, and cites decisions by Courts of Civil Appeals as holding to the contrary thereof. We have examined the cases relied on by the parties, respectively, and conclude that appellant's contention must be sustained. The plaintiff in the Roberts Case, as here, sought a recovery of damages for delay in the transportation of a shipment, and it was held to be error to permit a witness to testify as to what was a reasonable time, the carrier using ordinary care and diligence, in which to transport same to its destination. The ground of the decision was that the testimony was the opinion of the witness, "in part upon questions of law addressed to the court, and in part upon conclusions of fact to be drawn by the jury." Appellee's view seems to be that the ruling was made because it appeared that the opinion of the witness as to what was a "reasonable time" was based on his opinion as to what constituted "ordinary care and diligence." It is urged that in the instant case the opinion of the witness Scott as to what constituted a "reasonable time" was disassociated from any opinion he may have had as to what would have constituted "ordinary care and diligence," and should be construed as merely his opinion as to what was the "usual" or "customary time." We do not think the contention is tenable, nor that it is supported by the cases appellee cites (Rexroth v. Hol-

loway, 45 Ind. App. 36, 90 N. E. 87; Alexander v. Railway Co., 144 N. C. 93, 56 S. E. 697; and Walker Bros. v. Ry. Co., 137 N. C. 163, 49 S. E. 84), when they are considered with reference to their facts. There is nothing in the record before us indicating that the phrase was used in the sense suggested by appellee. Hence it must be treated as if used in its proper sense, which, we think, is synonymous with the "time required when proper care is used." In other words, we do not think "reasonable time" and "time required in the exercise of proper care" can be disassociated. That they mean the same thing in the view of the Supreme Court we think is indicated by what was said in the opinion in the Prunty Case. We are of the opinion, therefore, that the conclusion that the testimony in question here was inadmissible under the ruling in the Roberts Case cannot be escaped for, when the witness Scott testified that five or six days was a "reasonable time" in which to transport the car, he in effect testified that five or six days was the time necessary to transport it if proper care was used.

It is not necessary to determine other questions presented by contentions in appellant's brief, as they are not likely to arise on another trial.

The judgment is reversed, and the cause is remanded for a new trial.