## TEXAS & P. RY. CO. v. BOAZ. (No. 630.)

Court of Civil Appeals of Texas. Eastland. Dec. 6, 1929.

Douthit, Mays & Perkins, of Sweetwater, and T. D. Gresham, of Dallas, for appellant.
Jno. J. Ford, of Sweetwater, for appellee.

FUNDERBURK, J. J. E. Boaz sued the Texas & Pacific Railway Company in the justice's court to recover damages alleged to have resulted from negligent delay in the shipment of 46 head of cows and calves from Merkel, Tex., to Fort Worth, Tex. It was pleaded that the shipment left Merkel on April 29, 1928, and should have been delivered at Fort Worth for the market of April 30th, but instead, through the defendant's negligence, the shipment was delayed and the cattle were not delivered at destination in time for the market of the 30th, but were sold on May 1, 1928, and by reason of the delay there was a shrinkage which, with $6.40 extra feed bill, amounted to the sum of $128.18. Plaintiff recovered judgment for said sum in the justice's court, and, upon appeal of the defendant to the county court, judgment was likewise rendered for plaintiff in the same amount. From the county court judgment the defendant has appealed.

One of the special issues submitted to the jury was: "If you have answered Question 3 in the affirmative, then what is the measure of plaintiff's damages in dollars and cents?"

The answer of the jury was, "$128.18," and this is the basis (as to the amount) of the judgment rendered. The submission of the special issue was duly objected to upon the ground, among others, that it did not submit the legal measure of damages, in that it did not confine the jury, in determining their answer thereto, to the difference in the market value of plaintiff's cattle at destination at the time and in the condition in which

they actually arrived, and at the time and condition they should have arrived had they been transported within the usual and ordinary time with proper diligence and dispatch. We readily conclude that the special issue was subject to the objection made to the same and that the court erred in submitting it in the form it was submitted. Had the pleadings and evidence justified submission to the jury of an issue calling for a finding of the amount of damages, it was necessary that the existence and amount of damages be determined and measured by the difference, if any, between the market value of the cattle at the point of destination at the time and in the condition in which they did arrive, and their market value at the time and in the condition in which they should have arrived. The issue as submitted to the jury did not so limit the jury's finding of the amount of damages. Panhandle & S. F. Ry. Co. v. Parrish (Tex. Civ. App.) 281 S. W. 887; Texas & P. Ry. Co. v. Bufkin (Tex. Civ. App.) 19 S.W.(2d) 343.

▆▆▆ Appellant also contended that there was no evidence showing the market value of plaintiff's cattle at Fort Worth at the time and in the condition they would have arrived had they, according to the plaintiff's contention, been transported without negligence. We have carefully examined the evidence and conclude that appellant's contention in this respect must be sustained. In the absence of such evidence, it was error for the trial court to submit the issue calling for a finding of the amount of damages.

The only evidence having any bearing whatever upon the matter of the market value was as follows:

Plaintiff testified: "I know the effect standing in stockpens and doing without water and then being shipped on to Fort Worth will have on cattle such as mine. It will draw them and cause them to lose weight. I know about what the excess shrinkage on cows and calves such as mine were would be caused by standing in the pens without water and then shipped on to Fort Worth without water. The loss in weight would be about forty pounds to each cow and about twenty pounds to each calf. By excess shrink I mean the shrink that occurred above what would have occurred had the shipment moved on to Fort Worth within the usual and customary time it takes to make such run without the delay at Baird."

Plaintiff introduced in evidence an account sales which showed that the cattle weighed 25,160 pounds and that he received therefor the sum of $2,294.24. The plaintiff further testified: "My cattle arrived just outside of Fort Worth somewhere around 9 o'clock P. M. on the night of the 30th. I was not in Fort Worth any time during the day of the 30th of April prior to around 9:30 P. M., at which time my train arrived at Fort Worth. I was on the train all that day between Baird and Fort Worth. I did not see any cattle sell on the market of the 30th of April."

There appears in evidence a copy of the United States Department of Agriculture, Bureau of Agriculture Economics, Market News Service, Daily Live Stock Market Report for Tuesday, April 28, 1928. This report purported to be based on market conditions and sales reported up to 1 o'clock p. m. We think it must be regarded wholly ineffective as evidence of market value on April 30th, even if there was testimony identifying the classification of the cows and calves in the shipment with the reported sales, and there is no such evidence. It is well settled in cases like this, in order to justify submission of any issue to the jury, there must be evidence of the market value of the livestock at the point of destination, both at the time they should have arrived and the time they did arrive, and that based upon the condition in which they should have arrived and the condition in which they did arrive. Texas & P. Ry. Co. v. Prunty, 111 Tex. 162, 230 S. W. 396; Hines v. Edwards (Tex. Civ. App.) 228 S. W. 1117; Gulf, C. & S. F. Ry. Co. v. Gross (Tex. Civ. App.) 204 S. W. 693; Texas & P. Ry. Co. v. Bufkin (Tex. Civ. App.) 19 S.W.(2d) 343; Dickerson v. San Antonio, U. & G. Ry. Co. (Tex. Civ. App.) 170 S. W. 1045; St. Louis & S. F. Ry. Co. v. Dean (Tex. Civ. App.) 152 S. W. 527.

▆ Appellant further complains of an instruction of the court to the jury on the question of burden of proof. The charge was as follows: "You are further charged that the burden of proof is upon the plaintiff to establish by a preponderance of the evidence his right to recover, and unless he has so done you will find for the defendant."

Appellant duly objected to the charge, two of the grounds of objection being:

"(a) Same does not refer to any of the special issues submitted.

"(b) Because such charge constitutes a general charge in a case which is submitted upon special issues."

The charge was subject to both of the objections urged, and the giving of same was error. Morris v. Davis (Tex. Civ. App.) 3 S.W.(2d) 109, 110; Wichita Falls, R. & F. W. Ry. Co. v. Mondoza (Tex. Civ. App.) 240 S. W. 571; Galveston, H. & S. A. Ry. Co. v. Dozier (Tex. Civ. App.) 162 S. W. 1019; Wootton v. Jones (Tex. Civ. App.) 286 S. W. 680, 681; Linn Motor Co. v. Wilson (Tex. Civ. App.) 14 S.W.(2d) 867; Texas & P. Ry. Co. v. Bufkin (Tex. Civ. App.) 19 S.W.(2d) 343.

▆▆ Complaint is further made that the court erred in permitting the plaintiff to testify that, in answer to a question of plaintiff as to why his cattle had been unloaded at Baird, the agent replied to the effect that

a car of cattle shipped from somewhere west of Odessa had to be unloaded on account of the time limit having expired, and that he (the agent) supposed the boys got his (plaintiff's) car mixed up with that and made the mistake of unloading his. Among the objections made to the admission of the testimony and being the basis of the assignment urged here was that it was hearsay, and that nothing appeared in the record to show that the agent had authority to bind the company with respect to the matters involved in the conversation. Appellee contends that if the admission of the testimony was error, it was rendered harmless by the finding of a special issue in which the court assumed that the delay was caused by a wreck.

There was no evidence showing the nature and extent of the duties and authority of the agent. If the agent had any duty or authority relative to the unloading of cars of live stock in transit, that fact does not appear from the record, nor is it one within our judicial cognizance without evidence. We are therefore of opinion that the admission of the testimony was error.

In view of the disposition of the case on other assignments, we do not consider it necessary to determine whether or not the error was harmless under the circumstances.

Because of our conclusions above expressed, the judgment of the trial court is reversed and the cause remanded.