## TEXAS INDEMNITY INS. CO. v. ALLISON.
### No. 943.

Court of Civil Appeals of Texas. Waco.
June 26, 1930.

Rehearing Denied Sept. 25, 1930.

P. O. French, of Fairfield, and F. J. Scurlock and J. W. Hassell, both of Dallas, for appellant.

Caldwell, Gillen, Francis & Gallagher, of Dallas, and W. V. Geppert, of Teague, for appellee.

GALLAGHER, C. J.

This appeal is prosecuted from a judgment of the district court awarding appellee, James R. Allison, an employee of the Magnolia Pipe Line Company, a corporation, a recovery against appellant, Texas Indemnity Insurance Company, its insurance carrier, compensation for injuries found to have been sustained by him in the course of his employment. The case was submitted to the jury on special issues in response to which they found, in substance, that (1) appellee, James R. Allison, sustained injuries to his body while he was working for Magnolia Pipe Line Company, (2) such injuries were sustained in the course of his employment with said company, (3) appellee is totally incapacitated from labor on account of such injuries, (4) such total incapacity is permanent, and (5) manifest hardship and injustice will result to appellee if appellant fails to redeem its liability by paying the compensation due him in a lump sum.

The court rendered judgment on the verdict of the jury in favor of appellee against appellant in the sum of $6,149.84; hence this appeal.

### Opinion.

Appellant presents a group of propositions in which it complains of the action of the court in submitting to the jury, over its objection, paragraph 1 of his general charge, which paragraph is as follows: "The burden of proof is upon plaintiff in this case to establish his cause of action by a preponderance of the evidence." The objection urged by appellant to the giving of said charge is as follows: "Defendant objects to paragraph one of said charge, because such is inapplicable to a case tried upon special issues, and is con-

fusing and misleading, because, under a submission upon special issues, the jury · does not and should not know what facts establish plaintiff's cause of action. The charge should definitely point out the issues of fact upon which rests the burden as to the parties respectively." Appellant contends that the giving of said charge, over its objection thereto, constitutes reversible error, and cites in support of such contention, among other cases, Western Union Tel. Co. v. Rutledge (Tex. Com. App.) 15 S.W.(2d) 210, 211 et seq., pars. 1 to 4, inclusive. The jury were instructed by the charge complained of in that case as follows: "The burden of proof is on the plaintiff to establish the material allegations of his petition by a preponderance of the evidence." While such charge was couched in different language from the charge in this case, the legal effect of each of said charges is substantially the same. The material allegations of the plaintiff's petition which he was required by the charge in that case to establish by a preponderance of the evidence constituted the substance of his cause of action asserted therein. The cause of action which appellee was required by the charge complained of herein to establish by a preponderance of the evidence was set out and declared upon by the material allegations in his petition. Any vice inherent in the charge complained of in that case is equally inherent in the charge complained of by appellant herein. Appellant's objection to the charge under consideration in this case is, in our opinion, broader than the objection urged to the charge considered in that case. We construe appellant's objection in this case, in substance, that such charge was inapplicable to a case submitted on special issues, to be sufficiently broad to embrace in effect an assertion that the same constituted a general charge within the meaning of that term as used in connection with the submission of a case upon special issues. We also construe appellant's objection, in substance, that such charge was confusing and misleading, because, the case being submitted upon special issues, the jury did not know and should not know what facts would establish appellee's cause of action, to assert, in effect, that such charge left the jury to determine for themselves what constituted the cause of action asserted by appellee, and the facts necessary to sustain the same, and thereby submitted a question of law to the jury for determination. The Commission of Appeals, speaking through Judge Critz, held in that case that the giving of the charge therein complained of, over the objection urged against it, constituted reversible error, and further held that said charge was subject to the additional objections urged by appellant herein. The trial court in that case, as in this case, further charged the jury, in connection with the issues submitted, that each of the same should be answered according to the preponderance of the evidence. The Commission of Appeals, however, further held in that case that the error in giving the charge complained of was not rendered harmless by the fact that the court further charged the jury to answer the issues submitted according to such preponderance. The relative situation of the parties in that case was the same as in this case. The charge given therein was objected to by the defendant. The plaintiff recovered, notwithstanding the burden so imposed. The defendant appealed and assigned the giving of such charge as error. The Commission of Appeals sustained the assignment and reversed the case. The Supreme Court, in adopting the judgment recommended by the Commission of Appeals, expressly approved its holding. Upon the authority of said case we sustain appellant's contention and hold that the giving of the charge complained of in this case, over the objections urged thereto by appellant, constituted reversible error. See, also, in this connection, Morris v. Davis (Tex. Civ. App.) 3 S.W.(2d) 109, 111, par. 6, and 112, par. 9, affirmed Davis v. Morris (Tex. Com. App.) 13 S.W.(2d) 63, par. 1; Missouri-Kansas-Texas R. Co. v. Thomason (Tex. Civ. App.) 3 S. W. (2d) 106, 107, pars. 2 and 3 (writ refused); Linn Motor Co. v. Wilson (Tex. Civ. App.) 14 S.W.(2d) 867, 868, par. 1; Walsh v. Shingler (Tex. Civ. App.) 14 S.W.(2d) 872, 873, par. 1 (writ refused); Texas & P. Ry. Co. v. Boaz (Tex. Civ. App.) 22 S.W.(2d) 492, 493, par. 5; Hess v. Rouse (Tex. Civ. App.) 22 S.W.(2d) 1077, 1079, pars. 5, 6; St. Louis S. W. Ry. Co. v. Preston (Tex. Com. App.) 228 S. W. 928, 932, par. 9; Wooton v. Jones (Tex. Civ. App.) 286 S. W. 680, 688, par. 23; Texas & P. Ry. Co. v. Bufkin (Tex. Civ. App.) 19 S.W. (2d) 343, 345, par. 3; Id. (Tex. Civ. App.) 20 S.W.(2d) 1119; Jones v. Hester (Tex. Civ. App.) 16 S.W.(2d) 399, 400, par. 1; Texas Employers' Insurance Ass'n v. Adcock (Tex. Civ. App.) 27 S.W.(2d) 363, 365, par. 1.

■■ Appellant presents a group of propositions in which it complains of the action of the court in admitting in evidence, over its objection, the testimony of appellee that in April, 1927, he applied to the Prairie Pipe Line Company for employment; that in connection with such application he submitted to a physical examination; that the doctor who made the same stripped him and took a sample of his urine; that following such examination he was employed and put to work by said company. Appellant objected both to the testimony with reference to such examination and with reference to the employment of appellee after submitting to the same, on the ground that same was irrelevant, immaterial, hearsay, in the nature of a hearsay transaction, involved a conclusion of other parties, and was argumentative in its nature. Counsel for appellee in presenting his case to the jury said: "Gentlemen, don't you know as a

matter of fact that the Prairie Pipe Line Company never would have permitted Mr. Allison to have gone to work for them unless he had been in good physical condition and able to perform the duties of his employment?" Appellant objected to such argument on grounds, in substance, as aforesaid, and that the same was therefore improper. The court overruled said objection. Testimony with reference to appellee's general health and with reference to the condition of his urine prior to his injury was material. Of course the gist of the testimony under consideration, as indicated by the argument of appellee's counsel based thereon, when considered as a whole, was an inference that said examination in the opinion of the party who made or passed upon the same disclosed no serious abnormal condition with reference either to appellee's urine or otherwise. The testimony of the parties who made such examination as to the facts ascertained thereby would have been competent. With such facts in evidence the testimony of the party, if duly qualified, who passed upon the same with reference to his opinion as to the state of appellee's health, as disclosed thereby, would have been competent. No such testimony was offered. The effect of the testimony offered was to attempt to show indirectly by such inference the facts found and opinions entertained by those who made and passed upon such examination. This was not permissible. 22 C. J. p. 726, § 815; Allis v. Hall, 76 Conn. 322, 56 A. 637, 644. This holding applies also to appellant's complaint of the testimony of appellee with reference to the issuance to him of a policy of insurance in pursuance of a physical examination made and testified to by one of his witnesses.

The other matters complained of by appellant herein will not necessarily arise upon another trial.

The judgment of the trial court is reversed, and the cause is remanded.