## MILLER v. FALLWELL et al.

### No. 3655.

Court of Civil Appeals of Texas. Amarillo.

Oct. 14, 1931.

W. H. Russell, of Hereford, for appellant.

Dameron & Dameron, of Hereford, for appellees.

RANDOLPH, J.

This suit was filed by J. B. Miller as plaintiff in the district court of Deaf Smith county, Tex., against W. E. Fallwell and Claude Benton, to recover a sum of money alleged to have been paid out by the plaintiff in behalf of defendants. Verdict and judgment against the plaintiff, from which this appeal has been taken.

A brief statement of the pleadings is here made: The plaintiff alleges that he was elected sheriff and tax collector of Deaf Smith county and thereafter, on January 1, 1929, qualified as such; that the defendant Benton was the sheriff and tax collector of said county immediately preceding the plaintiff's incumbency of that office. Further the plaintiff alleges that as such tax collector for the year 1928, the defendant Claude Benton had issued to the defendant Fallwell certain licenses and number plates for motor vehicles and had failed to collect approximately $200 due by said Fallwell for same, and Fallwell was still owing same when plaintiff went into office on January 1, 1929; that said defendants entered into a conspiracy by virtue of which Benton agreed to issue to Fallwell, in the name of the new tax collector, the plaintiff, licenses and number plates for motor vehicles and trailers and not collect for same if said Fallwell would pay to said Benton the $200 owing Benton by Fallwell for the 1928 licenses and tags; that such conspiracy was carried out and such licenses and tags issued defendant Fallwell, listing the numbers aggregating in amount $790.36, no part of which was ever paid by Benton or Fallwell to plaintiff. That thereafter, prior to the time of plaintiff's duty to report to the state of Texas all such sums representing the payments made on said licenses and plates, the defendant Benton promised plaintiff to pay for same.

The plaintiff testified that on the 1st day of January, 1929, the day that he qualified, while the defendant Benton was in the office having his deputy make out his final reports as sheriff and tax collector, defendant Fallwell came into the office, and after he and Benton had talked, they then went into the vault and had a further talk. The defendant Benton admitted that the defendant Fallwell there paid him $240 due and owing to him for license plates, for which he had been carrying Fallwell for the year 1928. Both defendants expressly denied that they ever had any prior agreement with reference to the events transpiring in the office that day. The explanation of Benton about their going into the vault was that it was for the purpose of getting the account Fallwell owed him. The evidence was conflicting as to the transactions occurring in the office that day, the plaintiff testifying as to the facts which induced him to permit Fallwell to carry off the licenses and tags and to make his report to the state, remitting the amounts of such license fees, and asserting that before he was so induced, it was by reason of the defendant Benton promising to pay him such fees. This the defendant Benton denied. We do not feel called on to recite all the details of such transactions, but hold that the jury and the trial court having passed on the weight to be given to the evidence, we cannot disturb or set aside the verdict and judgment.

The court submitted the case upon two special issues, one of which was not answered; hence, it becomes unimportant.

 Issue No. 1 submitted was in words as follows:

"Did the defendant Claude Benton, subsequent to the issuance of the licenses for the taxes and the delivery of the tags on the trucks belonging to W. E. Fallwell and prior to the date that plaintiff made his monthly report, promise to pay the plaintiff J. B. Miller the amount of the taxes owing by W. E. Fallwell for the licenses and tags that were issued and delivered to W. E. Fallwell?

"You will answer 'Yes' or 'No.'

"If you have answered 'no' then you will not answer the following issue, but if you have answered 'yes,' then you will answer the following issue."

The jury answered this issue No. 1: "No."

As to the plaintiff's case, this verdict upon the evidence was conclusive. Mansfield v. Rigsby (Tex. Civ. App.) 273 S. W. 290, 291; Kahn v. Bauch Leather Co. (Tex. Civ. App.) 17 S.W.(2d) 187, 190, and authorities therein cited; Northern Texas Utilities Co. v. Floyd (Tex. Civ. App.) 21 S.W.(2d) 6; Lewis v. Easley (Tex. Civ. App.) 34 S.W.(2d) 376, 378.

The plaintiff assigns as error the trial court's charge that the burden of proof was upon the plaintiff to establish the affirmative of said special issue No. 1 by a preponderance of the evidence and cites Texas Employers' Insurance Ass'n v. Adcock (Tex. Civ. App.) 27 S.W.(2d) 363, 365, and Texas Indemnity Insurance Co. v. Allison (Tex. Civ. App.) 31 S.W.(2d) 319.

This contention we cannot sustain. While the case was submitted to the jury upon special issues, it was just as incumbent upon the plaintiff to sustain his right to recover by a preponderance of the evidence as if the case was submitted upon a general charge. An affirmative answer being required to establish his cause of action as presented by the special issue submitted, we can see no reason why the same burden should not be placed on him as under a general charge.

The special issue No. 1 is not objectionable to the holding in the cases cited by the plaintiff to uphold his contention that the burden of proof was on the plaintiff to answer that issue in the affirmative, and such issue was not erroneous for the reason that the issue pointed out certain specific facts upon which plaintiff based his cause of action.

The general rule is that the burden of proof to establish the affirmative of an issue in an action rests on the party alleging the facts constituting that issue and remains there until the end. Cotten v. Willingham (Tex. Civ. App.) 232 S. W. 572.

The burden is upon the plaintiff to establish the issues upon which he relies for a recovery, and is upon the defendant to establish the affirmative defenses relied upon by him to defeat the recovery. Prairie Oil & Gas Co. v. Wright (Tex. Civ. App.) 238 S. W. 974; Q. A. & P. Ry. Co. v. Novit (Tex. Civ. App.) 199 S. W. 496, 498; H. & T. C. Ry. Co. v. Stevenson (Tex. Com. App.) 29 S.W.(2d) 995.

Finding no reversible error in the record, we affirm the judgment of the trial court.