### TEXAS & N. O. R. CO. v. LIDE et al.

### No. 2023.

Court of Civil Appeals of Texas. Waco.

May 19, 1938.

Rehearing Denied June 9, 1938.

480

Landman & Landman, of Athens, and Baker, Botts, Andrews & Wharton, of Houston, for appellant.

Ross Huffmaster, of Kaufman, for appellees.

ALEXANDER, Justice.

This suit was brought by the shippers against the railroad company to recover damages for the alleged rough handling of a car load of cattle shipped from Lufkin to Mabank. The court, over the defendant's objection, submitted the measure of damages for the injury to the cattle in the following issue: "What amount of money, if any, do you find from a preponderance of the evidence that the plaintiffs herein have necessarily spent per head in putting the 32 head of cattle involved in this case back in as good condition as said cattle were at the time said cattle were turned over to the defendant railroad company for shipment from Lufkin to Mabank? Answer in dollars and cents." to which the jury answered: "$256.00 or $8.00 per head." This was error. The correct measure of damages for injury to livestock during transportation is the difference in the market value at destination in the condition in which the cattle should have been delivered but for the carrier's negligence, if any, and the condition in which they were actually delivered. 8 Tex.Jur. 520–524; Gulf, C. & S. F. Ry. Co. v. Stanley, 89 Tex. 42, 33 S.W. 109; Texas & P. R. Co. v. Prunty, 111 Tex. 162, 230 S.W. 396;

Hovencamp v. Union Stock Yards Co., 107 Tex. 421, 180 S.W. 225.

During the selection of the jury, counsel for plaintiff asked the prospective jurors, "Have you any objection to returning a verdict against a railroad because they have plenty of money to pay for the damages?" The trial court sustained an objection to this question, and said counsel asked the further question, "Do any of your neighbors have a railroad that is owned by New York millionaires?" Again the court sustained an objection but plaintiffs' counsel continued, "There is no man in this country who owns a railroad. They are all owned by New York millionaires." It is readily apparent that these statements were all made for the purpose of directing the jury's attention to the difference in the financial ability of the contending parties and of thereby prejudicing the jury against the railroad company. Such conduct is highly improper. 41 Tex.Jur. 809.

The pleadings and evidence raised issues of contributory negligence on the part of plaintiffs in shipping the cattle while some of them were unusually weak and unable to stand the journey, in shipping the cattle immediately after they had been dipped with a solution that irritated them and caused them to be unusually vicious, and in loading certain wild and vicious steers in the car with weaker cattle, but the trial court refused the defendant's request for the submission of such issues. If the evidence should be substantially the same upon another trial, these issues should be submitted. Wichita Valley R. Co. v. Turbeville, Tex.Civ.App., 269 S.W. 498; Gulf, C. & S. F. R. Co. v. Bredthauer, Tex.Civ.App., 293 S.W. 311; Lancaster v. Daggett, Tex.Civ.App., 272 S.W. 340.

The other errors complained of will not likely arise in the same manner upon another trial. Consequently, there is no need to discuss such assignments.

On account of the errors above discussed, the judgment of the trial court is reversed and the cause is remanded for a new trial.