## J. E. WALLIS v. JOHN C. WALKER.

### No. 2538.

1. **Libel—Pleading.**—In a suit to recover damages for an alleged libelous publication it is only necessary to set forth those portions of the publication complained of, unless they contain words which indicate that the alleged libelous words are qualified by other portions of the publication, or show that the meaning of the language complained of is qualified by other portions of the article published.

2. **Joinder of Causes of Action.**—A cause of action for libel and one for slander may be joined in the same suit if each count is complete in itself and relates to the same matter.

4. **Fact Case.**—See opinion for petition for libel held good on special exceptions.

APPEAL from Galveston. Tried below before Hon. W. H. Stewart. The opinion states the case.

*McLemore & Campbell* and *G. E. Mann,* for appellant.—The petition set out libelous matter alleged to have been published by writing and to have been read to a number of persons. There was a cause of action stated, and the court had no right to dismiss the suit because libelous matter was given as extracts and the writing was not set out as a connected whole. Towns. on Libel and Sland., 3 ed., p. 577, sec. 334, p. 569, sec. 324, p. 571, sec. 325; Holt v. Parsons, 23 Texas, 18.

The action was on the case as a whole and alleged matter that constituted both libel and slander, and the court erred in dismissing the suit merely because the plaintiff refused to conform to views of the court as to the form in which the libelous matter was given—by extracts rather than by setting out the writing as a whole.

*George Mason,* for appellee.—The court did not err in sustaining the special exceptions to the plaintiff's pleading and especially did not err in holding that the whole of the paper alleged to be libelous should be submitted to defendant's inspection. The special exception was in the nature of craving oyer of the document alleged to be libelous, and upon refusal of plaintiff either to make the whole of it a part of the pleadings or to file it with the papers of the cause the court properly dismissed the suit. The whole of an alleged libelous paper must be set out, for when

construed as a whole it may show the reverse of libel, i. e., a defense
against a libelous charge, or a quotation from another's language coupled
with a denial or refutation of its truth.   A production of the whole paper
might show that the paper compained of is in no wise actionable.   That
it was a paper filed in a legal proceeding, that the persons to whom pub-
lished were parties to the suit, that the alleged libelous matter was ger-
mane to the action, and that the alleged libeler was the attorney filing
the paper.   Tinner v. Matthews, Dallam, 491; Levering v. McKinney,
7 Texas, 524.

Petition is insufficient as pointed out in seventh exception.  No action-
able words are pleaded either in the original petition or trial amendment,
and no special damage is alleged, which is necessary where the words are
not actionable *per se.*   Pollard v. Lyon, 91 U. S., 225; Curry v. Mc-
Curry, 82 N. C., 296; Ross v. Rouse, 1 Wend., 475; Griffin v. Moore, 43
Md., 246; Kinney v. Nash, 3 N. Y., 178; Flood on Sland. and Libel,
120; Towns. Sland. and Libel, pp. 289, 300, 283, note 3, p. 581; Hardin
v. Comstock, 12 Am. Rep.; McFaddin v. David, 41 Am. Rep.; Odgers
on Sland. and Libel, 53, p. 100, note; Folk. Stark. on Sland. and Libel,
pp. 152, 153.

Where the colloquium alleged is ambiguous as to the person referred
to it is necessary to allege as inducement extrinsic facts which show that
plaintiff was the person meant.   The alleged slanderous words concerned
the directors of the Island City Ice Company, and it nowhere appears
in the petition or amendment that J. E. Wallis was a director of the
said company.   Where words are used concerning a person in office or
position the continuance of occupancy of that office must be alleged.  He
can not show this by innuendo alone.  State v. Henderson, 1 Rich., 179;
Van Viclten v. Hopkins, 5 Johns., 211; Harper v. Delp, 3 Indiana,
225; Tuthill v. Milton, Yelv., 159; Gallway v. Marshall, 9 Ex., 300;
Towns. on Sland. and Libel, secs. 316, 317; Wilson v. Hamilton, 9 Rich.
Law, 382; Miller v. Maxwell, 16 Wend., 9; Ingram v. Lawson, 6 Bing.
(N. C.), 212.

COLLARD, JUDGE.—The original petition set out that defendant on the
2d day of February, 1886, "wickedly intending to injure the plaintiff,
did maliciously compose and publish of and concerning the plaintiff a
certain false, scandalous, and defamatory libel in writing, containing
among other things the false, scandalous, and defamatory matter follow-
ing, that is to say."   [Here follows a copy of parts of the writing, charg-
ing the president and directors of "The Island City Ice Company" with
a course of mismanagement, unknown to and concealed from the stock-
holders, calculated to injure and destroy the value of the stock, to serve
their own purposes and benefit themselves, and to injure all the other
stockholders not in the scheme.]   Another part of the writing was also

set out in the petition, which charges that the president of the company with the assent of the directors encouraged large sales of ice and beer, knowing that such a course was sure to produce great loss to the stockholders, for the purpose of depreciating the capital stock of the company so it might be bought at low figures and thus control the affairs of the company to make a real or pretended debt upon the same, and to sell the same to their own advantage to the wrong and injury of the small stockholders, and to deprive them of the value of their stock. There are innuendoes showing that plaintiff was meant as one of the persons in the league to defraud the small shareholders. The petitioner claims $10,000 for injury to his character and $5000 injury to his business as a wholesale grocer. It is then alleged that defendant on the same day, in conversation with persons named and others, upon malice falsely published and spoke of and concerning plaintiff the same false and scandalous words before set out, and spoke the same exactly, word for word, as contained in the libel. No damages are here claimed for such speaking of the slanderous matter.

In another count of the petition defendant is alleged to have published of and concerning plaintiff in conversations with persons named that plaintiff and other directors of the company "had been guilty of fraud in their management of business of the Island City Ice Company, and had obtained stock of the company by fraud and false pretenses," and "had combined to defraud the small stockholders out of the property of the company and convert the property to their own use;" and also "that plaintiff and others had falsified the books of the company for the purpose of concealing the true financial condition of the company," and "that plaintiff and others had depreciated the stock of the company intentionally by mismanaging the affairs of the company for that purpose in order to buy up the stock and get possession of the property of the company." Damages are laid under this count at $2000 injury to plaintiff's good name and $2000 injury to his business.

The court sustained special exceptions to the petition on the ground that the whole paper containing the libelous matter should be set out; that the petition should show how the libel was published; and in reference to the count for slander an exception was sustained on the ground that "while general damages may be recovered for defamatory words maliciously spoken, not slanderous *per se*, yet if special damages be claimed on account thereof the pleader must particularly set out such special damages."

Plaintiff reserved an exception and took leave to amend. He filed a trial amendment "to meet the ruling of the court," and stated that the libelous matter was published by reducing the same to writing and reading the same to certain persons named, and also to many others, and by giving it to certain persons named who are alleged to have read it.

Plaintiff further alleged that defendant having reduced the libelous matter to writing caused it to be read to many persons. It is also alleged that the publications were in the city of Galveston, Galveston County, on divers days from January 28 to February 2, 1886, inclusive. Damages are laid at $5000.

Defendant renewed his exceptions and filed others, which the court sustained on the grounds that defendant had the right to inspect the whole paper alleged to be libelous, and that the plaintiff should either set out the same in his petition or file it with the petition. Plaintiff declined to do either, and the court dismissed the suit.

Appellant complains of the ruling of the court in requiring him to set out or file the whole paper writing in which the libel is contained.

We think the assignment is well taken. Unless the whole writing should be very voluminous and irrelevant to the issue of libel there could be no objection to setting it out in full, but it is not necessary to do more than set out such parts of it as are libelous. There is nothing in the extracts taken from the writing which indicates that the meaning might be qualified by other parts of it, or that other parts of it are needed to explain the charges made. Towns. on Slan. and Libel, sec. 334.

The parts of the writing constituting the alleged libel charge plaintiff and others with confederating to mismanage the affairs of the company in such manner as to injure and destroy the value of the stock to benefit themselves and injure all the other stockholders; to so mismanage the business as to depreciate the value of the stock that it could be bought at low figures, and so control the affairs of the company as to create a real or pretended debt in order to sell the property of the company to their own advantage, to the wrong and injury of the smaller stockholders. These were injurious and defamatory charges tending to disgrace the plaintiff and injure his reputation. He was charged with a gross fraud. The writing was actionable *per se*. Towns. on Slan. and Libel, secs. 334 and 176.

If the allegation of publication was bad in that it did not state how the libel was published the defect was cured by the amendment. Towns. on Sland. and Libel, secs. 324–5.

It is not error to join in the same suit a cause of action for libel and one for slander if each count is complete in itself and relates to the same matter. Towns. on Slan. and Libel, sec. 347. The slander branch of the suit seems to be out of the case. The court sustained an exception to the count for slander, and though an exception was reserved by plaintiff there is no assignment of error upon the point, and we are not called on to review the ruling. The trial amendment relates exclusively to the ruling about the necessity of an averment showing how the libel was published, laying the damages generally at $5000. It was not intended to meet the ruling of the court requiring averment as to special damages

for the alleged slander.   The petition remains as it was originally drawn on the count for slander, and there being no assignment of error calling in question the ruling of the court in declaring the count insufficient we can not correct the ruling however erroneous it may be.

Because of the error of the court in sustaining exceptions to the count on libel as amended we think the case ought to be reversed and remanded for trial.

*Reversed and remanded.*

Adopted February 12, 1889.