## CAMERON COMPRESS CO. v. JACOBS.
### (No. 7255.)

Court of Civil Appeals of Texas. Austin.
Oct. 31, 1928.

Rehearing Denied Nov. 21, 1928.

Henderson, Kidd & Henderson, Chambers & Gillis, and E. A. Wallace, all of Cameron, for appellant.

W. A. Morrison, of Cameron, and E. A. Camp, of Rockdale, for appellee.

McCLENDON, C. J. Suit by Jacobs against the compress company for the agreed value of cotton destroyed while in possession of the compress company as bailee, under warehouse receipts issued by the compress company in favor of Jacobs. Trial to jury; special issue verdict; judgment for Jacobs; appeal by the compress company.

The fire causing the injury was the same as in Whittington v. Compress Co., reversed by this court, 268 S. W. 216, and reversal affirmed on recommendation of the Commission of Appeals. Cameron Compress Co. v. Whittington, 280 S. W. 527. A number of the questions presented in the present appeal are, we think, foreclosed by the holdings in the Whittington Case.

The trial court submitted six separate grounds of negligence, three of which were found in favor of appellant, and three in

favor of appellee. The latter were: (1) Failure to have but one watchman. (2) Negligence of watchman after discovering the fire. (3) Defective fire prevention appliances.

■ The sufficiency of the evidence to support these findings is questioned; the main contention being that the evidence conclusively shows that the compress company fully complied with trade customs in this regard. We overrule these contentions on the authority of the Whittington Case; the holding there being that, while trade custom was admissible as evidence upon the issue of negligence, it did not afford a conclusive legal standard of conduct as constituting ordinary care. We do not find that such differences as the evidence in the two appeals presents would warrant a holding in the present cause different from that in the Whittington Case.

■ Appellant's first proposition seeks reversal of the trial court's judgment for failure to comply with subdivision 9 of R. S. art. 2180, which confines the parties, after their case has been closed in chief, to rebuttal evidence. The issue arises in the following manner: Plaintiff's petition contained two counts. The first was based upon delivery of the cotton to defendant, issuance of the warehouse receipt, and failure to redeliver on demand. The second count alleged that plaintiff did not know what became of the cotton, but was informed that it was destroyed by fire, and, if so, he then sought recovery on various alleged acts of negligence of defendant. In opening his case, plaintiff merely proved delivery of the cotton to defendant, execution of the warehouse receipt, and failure by defendant to redeliver upon demand. Defendant then introduced a former pleading of plaintiff, admitting the cotton was destroyed by fire, and rested. Thereupon plaintiff, over the objection of defendant, introduced evidence supporting the several grounds of negligence. We do not think, under the pleadings, it was necessary for plaintiff to do more in the introduction of evidence in chief than was done. However, conceding the correctness of defendant's position in this regard, the error complained of was not one which would require a reversal of the case. It was within the discretion of the trial court to reopen the case on rebuttal for the admission of testimony requisite to plaintiff's case in chief, and the trial court's ruling in that regard would not call for a reversal in the absence of palpable abuse of discretion. No prejudice was shown, and the error, if any, was harmless. See Gulf, C. & S. F. Ry. v. Williams (Tex. Civ. App.) by Rainey, C. J., 136 S. W. 527 (writ denied).

■ The jury found in response to separate special issues that each of the acts of negligence found by it was a proximate cause of the injury. Error is predicated upon overruling objections to the trial court's definition of, and refusing a special issue defining, "proximate cause." The court's definition reads:

"You are further instructed that, as applied to the law of negligence, the term 'proximate cause' means a cause which acting either alone or in conjunction with other causes is sufficient to produce an injury, and from which it could have been reasonably anticipated that the injury complained of, or some like injury, would result as a natural and probable sequence."

The objection to this definition was that it did not require the negligence complained of to be a necessary cause of the injury, but only required the injury to be anticipated as "a natural and probable sequence" to occur thereafter in point of time. The refused definition reads:

"You are instructed that by the term 'proximate cause,' as used in this charge, is meant that cause which in a continuous sequence unbroken by any new independent cause produces an event or injury and but for which the same would not have occurred."

We sustain the objection to the court's definition. While the subject of "proximate cause" and its proper definition has afforded prolific judicial discussion, in which there is much contrariety of view, we do not find any authority for the proposition that, to be a proximate cause in a legal sense, it is not essential that the act complained of be one but for which the injury sought to be redressed would not have occurred. It may be argued that, if the injury would have resulted independently of the existence of the negligent act complained of, such act would not be a cause of the injury, proximate or otherwise, and therefore this essential element is necessarily involved in the use of the word "cause." Logically this may be correct, but we are clear in the view that, in defining proximate cause, defendant was entitled, upon timely objection, to have this element clearly stated in the definition. See Western Union Tel. Co. v. Coleman (Tex. Civ. App.) 284 S. W. 279; 45 C. J., p. 898, Note 6.

Appellee contends that appellant's refused special charge, above quoted, was affirmatively erroneous under the decision in Robertson v. Holden (Tex. Com. App.) 1 S.W.(2d) 570, in that it did not embrace a definition of the expressions "continuous sequence" and "new independent cause." We do not understand the Holden Case to go further than to require the definition of such legal terms upon request or timely objection. As we are sustaining the objections to the court's definition, it will not be necessary to pass upon the sufficiency of the requested charge as against the objections now presented.

■ Appellee virtually concedes that the court's definition is subject to the objection urged, but contends that the error, if any, was harmless, because the findings of negligence upon the three issues determined as a

matter of law appellant's liability, and the question of proximate cause was not an issue in the case. The gist of the argument in this regard, is that the fire was necessarily the proximate and only cause, of the loss, and therefore the findings of negligence conclusively established appellant's liability. The vice in this argument is that in legal contemplation the fire was merely the agency that produced the loss; the negligent acts of defendant were in legal contemplation the proximate cause of the loss only in case the loss would not have occurred if they had not existed. The evidence will support a finding that each of these acts of negligence existed, and yet the loss would still have occurred. In fact, one of the most strenuously contested issues was whether, conceding appellant's negligence in the abstract, it had any bearing upon the loss.

■■ We overrule appellant's sixth proposition, complaining of the refusal of the following special charge:

"You are instructed that you cannot answer any of special issues Nos. I-B, II-B, III-B, IV-B and VIII-B, submitted in the court's main charge, in the affirmative, unless you believe from the evidence that the fire in question was not of incendiary origin, or unless you believe from the evidence that the defendant's night watchman was negligent in discovering said fire, or in failing to extinguish it after its discovery."

This was in the nature of a general charge, which has many times been held improper, where a case is submitted on special issues. If appellant desired a finding on the origin of the fire, it should have been sought in the form of a special issue. See Freeman v. Railway (Tex. Com. App.) 287 S. W. 902, and, authorities cited; Missouri, K. & T. R. Co. v. Long (Tex. Civ. App.) 293 S. W. 184.

■ We overrule appellant's eighth proposition, which complains that the third special issue is upon the weight of the evidence, because this objection was not made in the lower court.

■ We overrule appellant's proposition objecting to the evidence of the witness Batt, and sustain that complaining of the exclusion of the evidence of the witness Underwood. Batt was, and Underwood was not, permitted to give his opinion as to whether one watchman was sufficient at the Cameron plant. The objection to the testimony of each was that he had not qualified as an expert on the subject. Batt had been in the gin business at Cameron many years, and was experienced generally in the cotton business, and Underwood was an experienced oil mill man. We think the testimony of each admissible.

■ We sustain appellant's thirteenth proposition, complaining of the evidence of appellee to the effect that he did, not carry any insurance on the cotton destroyed. This evidence was wholly immaterial to any issue in the case, and was prejudicial in character.

■ The court properly excluded the night watchman's opinion as to the cause of the fire. This was not a matter of expert testimony. The watchman, of course, could testify to every fact within his knowledge upon which an opinion might be based, but his conclusions thereon were not competent testimony.

The other propositions urged, are either controlled by the above holdings or not of sufficient importance to require discussion. For the errors pointed out, the trial court's judgment is reversed, and the cause remanded for a new trial.

Reversed and remanded.