**AMERICAN MUTUAL LIABILITY IN-
SURANCE COMPANY, Appellant,**

v.

**William M. NALL, Appellee.**

No. 7411.

Court of Civil Appeals of Texas.

Texarkana.

June 19, 1962.

Leachman, Gardere, Akin & Porter, Dallas, Kenley, Sharp, Ritter & Boyland, Longview, for appellant.

Eugene Cavin, Tyler, for appellee.

CHADICK, Chief Justice.

This is a workmen's compensation case. The judgment of the trial court making an injured workman a lump sum award of $4,058.26 is affirmed.

The trial court submitted for jury determination, as Special Issue No. 11, the fact issue of duration of the temporary partial incapacity suffered by the workman on account of his injuries, and as Special Issue No. 12, the fact issue of average weekly wage earning capacity of the workman during the existence of his partial incapacity. The jury answered the issues respectively 260 weeks, and $30.00 per week. The following question was propounded and over appellant's quoted objection the witness's answer was admitted in evidence:

"Q. In your opinion, is there a place available on the open market, in the floor covering business in Gregg County, for a man who is not physically able to do generally the work of the floor covering business?

"Objection: We object to that, that calls for an opinion and conclusion and invades the province of the jury, and it is presented as a hypothetical question, it assumes facts that are not in evidence in this case, it calls for an opinion on something that is not a subject of expert testimony.

\*    \*    \*    \*    \*    \*

"A. There definitely is not."

The appellant's general position on appeal as to Special Issues Nos. 11 and 12 is that the jury's verdict finding the workman sustained temporary partial incapacity accompanied by a decrease in average weekly earning capacity for a period of 260 weeks has no reasonable basis in the evidence. The argument pinpoints the complaint to

absence of evidence of the extent and duration of the workman's incapacity. No case is cited, but the appellant asserts that "the testimony that the appellee was experiencing some pain and incapacity before the trial can not raise any inference that such pain and incapacity would persist into the future, or any inference as to how long into the future such would persist." This argument emphasizes the complete absence of medical opinion proffered in the workman's behalf, showing the probable extent and duration of his injury, and underscores the testimony the appellant offered from the treating doctor that the workman had completely recovered from his injury. The appellant reasons that even though there might be contradictory testimony about appellee's incapacity prior to July 17, 1961, the date of trial, still there is no evidence of probative value projecting probable incapacity and decreased earning ability into the future contradicting the medical testimony that the appellee had made a complete recovery. The result being, it is argued, that the appellant's medical proof of complete recovery stands undenied.

The record contains evidence that after injury on April 25, 1960, the workman's employer asked him to continue reporting for work so the company records would not show a "lost time accident". During this period of about four weeks he worked but little and his duties were light. Evidence was tendered to prove his back injury had prevented him from doing heavy lifting and heavy manual labor since injury though about three weeks before the time of trial he undertook employment laying floor covering, but because of the heavy lifting required he was compelled to give it up. His employer at the time of the trial testified that he had given him temporary work in the same field in a supervisory capacity which required little labor, but he could not use a man permanently who was unable to do the heavy lifting incident to the floor covering business. The employer also testified the workman had complained of his back hurting when laying floor cover-

ing during the period just before trial, and from observation he thought the appellee suffered discomfort when he had to squat and bend. The evidence showed the workman's experience, training and education fitted him only for laboring jobs.

■ Development of the evidence in more detail, if possible, would have been desirable, yet this court cannot say that there is no evidence to support the jury verdict on issues 11 and 12, or that such verdict is against the great weight and preponderance of all the evidence. The factual background of cases vary to such degree that it would be unusual to find two having identical facts; yet a study of the many cases treating the problem presented here furnishes a guide to a proper decision. The jury, as reasonable men with adult experience, exercising sound discretion, using common knowledge and considering all facts, including the injury's duration before trial, the degree and progress of recovery manifest to them by the evidence and the numerous inferences to be drawn from the proof, could with sufficient accuracy for the law's purpose, judge the probable extent and duration of the injury. While the facts are scanty, they support the jury's verdict. Employer's Reinsurance Corporation v. Jones, Tex.Civ.App., 195 S.W.2d 810, w/r, N.R.E.; The Insurance Company of Texas v. Anderson, Tex.Civ.App., 272 S.W.2d 772, w/r, N.R.E.; American General Insurance Company v. Florez, Tex.Civ.App., 327 S.W.2d 643, no wr. hist.; Verhalen v. Nash, Tex.Civ.App., 330 S.W.2d 676, w/r, N.R.E.

■ The point on admission of evidence and the argument made assumes the witness was permitted to answer that the workman was in a physical condition that rendered him unfit for employment in the floor covering business in Gregg County. Reference to the question propounded shows the question did not make such inquiry and the witness was not attempting to so say, rather he gave a general opinion that a man who is not physically able to perform

the general duties that a floor covering job requires of a workman could not find employment in that business. It would have been an invasion of the jury's function for the witness to express an opinion that the workman's injury disabled him from doing a particular work, as the jury should decide that question from the evidence, but it is permissible for a witness experienced in a particular business to testify as an expert on a subject related to his business, such as the physical condition required of a workman in the performance of specified employment, and such an opinion is not an incursion on the jury's prerogative. Cameron Compress Co. v. Jacobs, Tex.Civ.App., 10 S.W.2d 1040, wr. ref.; 2 Texas Law of Evidence (McCormick and Ray) Sec. 1400 and 1401.

The appellant's points are respectively overruled, and the judgment of the trial court is affirmed.